UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 13-92-HRW

SANDRA KELLY,                                                   PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits on October 22, 2009, alleging disability beginning on April 30, 2005, due to back pain, an anxiety disorder, panic attacks and depression (Tr. 148). This application was denied initially and on

reconsideration. On May 14, 2012, an administrative hearing was conducted by Administrative Law Judge Daniel Traver (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dinah Smith, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 8, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 18-41). Plaintiff was 37 years old at the time of the hearing decision (Tr. 39). She has a GED (Tr. 154). Her past relevant work experience consists of work as a tax preparer and customer service representative (Tr. 39).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 20).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, anxiety and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 20-22).

At Step 3, the ALJ found that Plaintiff's impairments, individually or in combination, did not meet or medically equal any of the listed impairments (Tr. 22). In doing so, the ALJ specifically considered listings 1.02, 1.04, 12.04 and 12.06 (Tr. 22-23).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 39) but determined that he/she has the residual functional capacity ("RFC") to perform a range of light work (Tr. 23-24). He specified that she could perform no more than occasional postural activities such as stooping, kneeling,

crouching, crawling, and climbing ramps or stairs with no climbing of ladders, ropes, or scaffolds. The ALJ also found that her job must allow a sit/stand option at 30 minute intervals over the course of the work day and that Plaintiff must avoid concentrated exposure to vibration and situational hazards such as unprotected heights and dangerous machinery. The ALJ also found Plaintiff could understand and remember simple and detailed instructions and procedures; sustain attention, concentration, and pace for simple task completion within regular tolerances including for two hour blocks of time; interact adequately with peers and supervisors for task completion and interact on at least an occasional basis with the public; and adapt adequately to work demands and situational changes given reasonable support.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 40).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both

parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not give appropriate weight to the opinion of Plaintiff's treating physician, Charles Johnson, M.D. and (2) the ALJ failed to consider whether the combined effect of Plaintiff's impairments would be sufficient to render her disabled.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not give appropriate weight to the opinion of Plaintiff's treating physician, Charles Johnson, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Plaintiff contends the ALJ ignored the opinion of Dr. Johnson. However, a

review of the ALJ's opinion showed the ALJ included a detailed description of Plaintiff's visits with Dr. Johnson, the ALJ discussed Dr. Johnson's opinions, and the ALJ properly explained why he gave Dr. Johnson's opinion little weight (Tr. 27-39).

Dr. Johnson provided two opinions (Tr. 38). In July 2010, Dr. Johnson completed a functional assessment form in which he opined Plaintiff could not do any sitting, standing, or walking; she could not lift any weight; and she could not perform any postural movements (Tr. 285). In January 2012, Dr. Johnson completed another form in which he opined Plaintiff could sit or stand for fifteen minutes at a time; sit and stand/walk for less than two hours each in an eight-hour workday; needed to take unscheduled breaks during the workday and had to elevate her legs with prolonged sitting; and could lift less than ten pounds occasionally (Tr. 346-48).

In discounting these opinions, the ALJ explained that Dr. Johnson's findings did not support his opinions of disability and his opinions were inconsistent with the other substantial evidence in the record (Tr. 39). First, the ALJ noted significant gaps in Dr. Johnson's treatment of Plaintiff, including five and six month gaps of treatment (Tr. 29-30, 34). Furthermore, as the ALJ noted, Dr. Johnson's progress notes did not show the kinds of consistent objective

7

findings typically associated with disabling pain (Tr. 39, 305, 309, 311, 313, 319, 321, 323, 332, 336, 338).

In addition to finding that Dr. Johnson's progress notes did not support his opinions of disability, the ALJ recognized that Dr. Johnson's opinions were inconsistent with the other evidence in the record (Tr. 39). For example, that of John Gedmark, M.D., a state agency consultant. In April 2010 reviewed a significant portion of the record and concluded Plaintiff could lift or carry twenty pounds occasionally and ten pounds frequently; stand or walk for about six hours in an eight-hour workday; sit for about six hours in an eight hour workday; occasionally perform postural movements except no climbing ladders, rope or scaffolds; and no concentrated exposure to vibration or hazards (Tr. 277- 84). This opinion undermines Dr. Johnson's opinions and provides substantial evidence for the ALJ's RFC finding.

The ALJ reasonably gave Dr. Johnson's opinions little weight because they were not adequately supported and inconsistent with the other evidence in the record.

Plaintiff's second claim of error is that the ALJ failed to consider whether the combined effect of Plaintiff's impairments would be sufficient to render her disabled.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 22). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22nd day of May, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge